UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


ANTHONY JOHN LEWIS,

    Plaintiff,

v.                                                      Case No.: 8:95-cv-00580-T-24

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING**
**RELIEF FROM JUDGMENT**

    The Court now considers Plaintiff's motion for relief from judgment (Doc. 92) and his motion for a "priority authentication hearing" on his motion. (Doc. 91.)

    Plaintiff Anthony John Lewis, a federal inmate appearing pro se, seeks relief from judgment in a 1995 civil rights case because he asserts he has established evidence of fraud on the Court. Lewis claims that he has discovered evidence that the United States presented the Court with a fraudulent search warrant in order to obtain a judgment against Lewis in this civil case. Lewis' motion comes nearly a decade after the U.S. Court of Appeals for the Eleventh Circuit affirmed the district court's judgment in this case, and more than 12 years after judgment was entered.

    Rules 60(b) and (d) of the Federal Rules of Civil Procedure allow a district court to set aside a judgment for fraud on the court. "The fraud must be established by clear and convincing evidence." Booker v. Dugger, 825 F.2d 1987, 283-84 (11th Cir. 1987). Fraud cannot be

1

established by conclusory assertions.  Id.

In this case, Lewis has presented no evidence of fraud, let alone clear and convincing evidence.  Lewis states that the "Hillsborough County Clerk of the Court has provided the plaintiff documentation clarifying that no such search warrants exist nor existed."  (Doc. 92 at 5.)  He then cites to Exhibit A of his motion.  Exhibit A is a form letter from the Clerk of the Court of the 13th Judicial Circuit of Florida, responding to Lewis' public records request for a copy of a search warrant and other records in his case.[1]  The letter simply states that the Clerk could not find the requested records and needs additional information, such as Lewis' date of birth, his arrest date, and the case number, to search for the records.  (Doc. 92, Ex. A.)  Lewis, therefore, has not established that the search warrant does not exist.  He has only shown that the Clerk needs more information to find the warrant, which was filed away more than 12 years ago.

In Exhibit B, Lewis offers as evidence a response from the U.S. Department of Justice to his request for the search warrant and other records under the Freedom of Information Act.  The Department of Justice letter in Exhibit B simply states that the Department's Criminal Division in Washington D.C. did not find the records "in our search of the indexes for the criminal Division systems *you designated*."  (Doc. 92, Ex. B.)  This simply means that the Government could not find in Washington D.C. a record from a Tampa case in the indexes where Lewis asked the Government to search.  This does not mean that the records do not exist.  It only means that the Government could not locate the records in Washington D.C. in the indexes where Lewis thought the records should be stored.  Since Lewis did not provide the Court with a copy of his records request, the Court cannot know if Lewis asked the Department of Justice to look in the

---

[1] Lewis sought records from the Clerk of the Court under the Freedom of Information Act, a federal statute that does not apply to state and county officials in Florida.

right place.

Even if the Clerk of the Court or the Department of Justice cannot find the search warrant, failure to find the warrant does not prove that the warrant does not exist or did not exist in 1995. Nor do the letters in Exhibits A and B prove or even suggest that the United States committed fraud on the Court by offering a phony search warrant as evidence.

In this case, the Court will not hold an evidentiary hearing on Lewis' motion because a hearing would serve "no useful purpose in aid of the Court's analysis"[2] and because "the motion clearly is without substance and [is] merely an attempt to burden the court with frivolous contentions."[3]

Therefore, the Court orders that:

(1) Plaintiff's motion for relief from judgment and motion for leave to amend his Complaint (Doc. 92) is **DENIED**.

(2) Plaintiff's motion for a "priority authentication hearing" on his motion (Doc. 91) is **DENIED**.

**IT IS SO ORDERED.** Done in Tampa, Florida on April 27, 2010.

SUSAN C. BUCKLEW
United States District Judge

---

[2] Cano v. Baker, 435 F.3d 1337, 1343-44 (11th Cir. 2006).

[3] 11 Fed. Prac. & Pro. Civ. § 2865 (2d ed. 2010).

3

Copy to:
Anthony John Lewis
USP, Leavenworth
P.O. Box 1000
Leavenworth, Kansas 66048-1000

U.S. Attorney
Middle District of Florida
Attention—Chief of Civil Division
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602