UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTHONY LEWIS,

    Plaintiff

v.                                        Case No.: 8:95-cv-00580-T-24

UNITED STATES OF AMERICA,

    Defendant.
_____/

**ORDER DENYING MOTION
TO APPEAL IN FORMA PAUPERIS**

The Court now considers Plaintiff Anthony Lewis' Motion for Permission to Proceed In Forma Pauperis (Doc. 95), which he filed after filing a Notice of Appeal of the Court's Order Denying Relief from Judgment. (Doc. 94.) The Government had not yet responded to Lewis' motion.

Rule 24 of the Federal Rules of Appellate Procedure and 28 U.S.C. § 1915 govern the Court's consideration of this motion. Both authorities allow a district court to deny a motion to appeal in forma pauperis if the court certifies in writing that the appeal is not taken in good faith.[1]

A party does not act in good faith where he raises an issue on appeal that is frivolous.[2]

---

[1] 28 U.S.C. § 1915(3); Fed. R. App. P 24(a)(4)(b).

[2] United States v. Buitrago, No. 96-00067-Cr-Moore, 2009 WL 2076324, at *2 (S.D. Fla. 2009) (citing United States v. Alvarez, 506 F. Supp. 2d 1285, 1290 (S.D. Fla. 2007), and Coppedge v. United States, 369 U.S. 438 (1962)).

1

An issue is frivolous "if it appears—objectively—that the appeal cannot succeed as a matter of law"[3] or the appeal has "little or no chance of success."[4] A district court should only order a § 1915(e) dismissal where an appeal lacks "arguable merit," which means that the appeal, however "inartfully plead," cannot be convincingly argued.[5] While the "good-faith test under § 1915 must not be converted into a requirement of a preliminary showing of any particular degree of merit," the district court may deny leave to appeal in forma pauperis "if the issues raised are so frivolous that the appeal would be dismissed in the case of a non-indigent litigant."[6]

In Lewis' case, the Court certifies under 28 U.S.C. § 1915(a)(3) that the appeal is not taken in good faith. As explained in the Court's order denying relief from judgment (Doc. 93), Lewis has presented no evidence—let alone clear and convincing evidence—to support his argument that the 12-year-old judgment in this 1995 case should be overturned for fraud on the court.

The Court also denies the motion because Lewis failed to submit an affidavit, including a statement of all his assets, and failed to submit a certified copy of his prison trust fund account statement for the past six months, as required by § 1915(a)-(b).

Therefore, the Motion for Permission to Appeal In Forma Pauperis (Doc. 93) is **DENIED**.

Pursuant to Rule 24(a)(4)(A)-(B) of the Federal Rules of Appellate Procedure, the Clerk

---

[3] Id. (citing DeSantis v. United Technologies Corp., 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), aff'd, 193 F.3d 522 (11th Cir.1999)).

[4] Id. (citing Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993)).

[5] DeSantis, 15 F. Supp. 2d at 1290 (internal citations and quotations omitted).

[6] Id. (citing Ellis v. United States, 356 U.S. 674 (1958)).

is directed to immediately notify the parties and the U.S. Court of Appeals for the Eleventh Circuit that the Court has denied Lewis' motion and has certified that his appeal is not taken in good faith.

**IT IS SO ORDERED.**

*Done on June 28, 2010.*

SUSAN C. BUCKLEW
United States District Judge

Copy to:
Anthony John Lewis
USP, Leavenworth
P.O. Box 1000
Leavenworth, Kansas 66048-1000

U.S. Attorney
Middle District of Florida
Attention—Chief of Civil Division
400 N. Tampa Street, Suite 3200
Tampa, Florida 33602